ALEXANDER BUILDING CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. BOROUGH OF CARTERET, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued October 14, 1959—Decided November 9, 1959.

88

Mr. *Raymond W. Troy* argued the cause for plaintiff-respondent (*Messrs. Lum, Fairlie & Foster,* attorneys; *Mr. Theodore L. Abeles,* on the brief).

Mr. *Morris Brown* argued the cause for defendant-appellant (*Mr. John M. Kolibas,* attorney).

PER CURIAM. ▉ The borough sold certain tracts of land to plaintiff's predecessor in title subject to conditions with respect to their improvement, which were set forth in the deeds. The conditions imposed the obligation (1) to con-

struct complete sanitary and storm sewers to accommodate the property sold, (2) to provide a five-inch penetration macadam road on all streets on which the lots face, (3) not to build houses thereon which would cost less than $6,000, (4) to furnish all utilities required for houses when erected, (5) to lay curbs according to grades established by the borough engineer at the time when houses were built, and (6) not to build a house on less than 5,000 square feet of land. No words were included by which the purchaser expressly agreed and undertook to build houses. The deeds did provide, however, that the "entire tract shall be *improved* within 3 years and 3 months from the date of confirmation of the said sale by the borough council. In the event that the purchaser shall fail to *improve* the aforesaid property within the period provided for, then in that event the unimproved lots in this tract shall revert to the Borough of Carteret * * *." (Emphasis added.) Although the matter is of no particular moment in the framework of the case before us, it is plain that the quoted language created a fee on a condition subsequent and not a determinable fee. *Oldfield v. Stoeco Homes, Inc.,* 26 *N. J.* 246 (1958).

In the three years and three months following confirmation of the sale, all of the tracts were cleared, graded and adapted as building lots, the required streets were paved, utilities and sewers were installed (except for a rather insignificant amount), the necessary curbing had been installed, and 511 homes had been built. At this time, apparently 22 more houses could have been built on the remaining 39 scattered lots. More than two years after the termination date of the last three year and three months period (the property was conveyed in four tracts by separate deeds bearing different dates) plaintiff made an agreement with the then owner to purchase the remaining lots. When a title guaranty policy was sought, the title company requested that a resolution be obtained from the borough to the effect that the conditions in the deeds had been satisfied. Such a resolution was prepared and presented to the Council. After prelim-

inary inquiries of the borough engineer by the mayor which elicited the information that all the improvements were in, everything was in that had to .be in, the resolution and a "declaration" attached to it were adopted on April 18, 1957. The declaration, after referring to the various deeds, said in part:

"WHEREAS, in said deeds there is a restrictive covenant which in effect states that if the purchaser shall fail to *improve* the aforesaid property within the period of three (3) years and three (3) months from date of confirmation, then and in that event, the unimproved lots in these tracts shall revert to the Borough of Carteret, and

WHEREAS, pursuant to said restrictions the purchaser did enter upon and make the improvements required by said deed to be made, and

WHEREAS, the purchaser has requested an acknowledgment that the restrictions and conditions in said deeds have been timely complied with,

NOW, THEREFORE, to evidence such facts the Borough of Carteret does hereby acknowledge that all of the terms, covenants and conditions set forth in the following deeds * * * [reciting the deeds in question] have been fully complied with and within the time specified therein, and does hereby confirm the title to said premises in said grantee, free of any right of reverter, reentry or condition." (Emphasis added)

On May 13, 1957, relying upon the resolution, plaintiff took title to the premises. Beyond question it is a *bona fide* purchaser for a substantial consideration. Thereafter, on July 2, 1957, the borough officially rescinded the earlier resolution and declaration of compliance. The action grew out of the allegation that the lots acquired by plaintiff had not been improved as required by the conditions of the deed. No charge of fraud or misrepresentation is set forth in the resolution of rescission. A feeble effort was made in support of such a claim in the trial court. The proof was rejected there as inadequate and the record clearly supports that view.

Two weeks after the rescission resolution, this suit was instituted seeking a declaration with respect to the fee title of the premises in question. After hearing, in which most of the facts were stipulated, the trial court determined that

plaintiff held the unlimited ownership in fee. The appeal therefrom was certified by this court prior to argument in the Appellate Division.

█ Basically, the position of the borough is that a lot is not an improved lot until a house, meeting the cost and area requirements set out in the deeds, is constructed thereon. But no such mandate is imposed by the deeds. Under the language of the conditions, an improved lot is one which has been made ready for building; one that has been cleared and graded and made to front on a street (which shall be improved by a five-inch penetration macadam surface as the construction of buildings progresses). Consequently, the only type of lot which is subject to the reverter clause is one which is unimproved by that test. Failure to build a house thereon within the three year and three months period does not subject it to the forfeiture. Not only is this plain from the language employed in the deed conditions but from the conduct of the Borough as well. Although the lots involved in this proceeding had been improved in the sense indicated above within the stipulated time, they had not been built upon. Yet no affirmative action was taken indicating a claim of reverter until the July 1957 resolution was adopted. And of even more significance are the April 1957 resolution and declaration of compliance with the conditions in the deed which would bring about a reversion of title if not satisfied. Thus, by a course of inaction as well as one of official positive action, the borough authorities construed their own document in conformity with what appears to be its terms.

The judgment of the Law Division declaring the full fee title to be in plaintiff is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.